## WILLIAM SHORE UPHOLSTERING CO v LUSSKY, WHITE & COOLIDGE, INC

Ohio Appeals, 6th Dist, Lucas Co

No 2901.   Decided Feb 26, 1934

Kaplan & Zanville, for plaintiff in error.
Hall & Devlin, Toledo, for defendant in error.

### OPINION

By LLOYD, J.

By his petition in error filed in this court, Shore asks that this judgment be reversed. It is admitted by counsel for Lussky that

the sole purpose of seeking a judgment against Shore was to establish its right to proceed against the surety on the appeal bond, but the real question confronting this court is whether the trial court, upon the admitted facts, could enter judgment against Shore upon a claim of indebtedness from the payment of which he had been released by a discharge in bankruptcy. It will be noted that the judgment in the Court of Common Pleas was a money judgment only and did not involve a seizure of any property upon attachment or otherwise, from the sale of which the judgment might have been satisfied; and the appeal bond was not given to effect the release of a lien upon any property so seized and held. Counsel for Lussky contend that the question here submitted has been definitely determined by the Supreme Court in the cases of **Farrell v Finch, 40 Oh St, 337** and **Welsh v Milling Co., 84 Oh St, 495,** affirming without written opinion the decision of the Circuit Court of Cuyahoga County, **14 O.C.C., N.S., 509.** We may pass a consideration of the last cited case with the suggestion that the controversy there related to an attachment bond. In the per curiam statement of the court in Farrell v Finch, the facts are not given nor is any reference made to the issues involved as made by the pleadings, and we therefore can not say that that case is decisive of the question presented by the pleadings and facts in the instant case. On the contrary, we are disposed to think it is not. In the earlier case of **Sigler v Shehy, 15 Ohio, 471,** wherein the facts are explicitly given, it is said:

"The statute authorizing and giving validity to appeal bonds, contemplates a decree or judgment against the appellant, and an effort at satisfaction by execution against him, before the bail can be held liable. In this case, the bankrupt law has stept in and withdrawn the principal liability, and discharged the debt, except so far as the assets in the hands of the assignee, distributed pro rata among creditors, will pay it. After the appellant has become a certified bankrupt, no decree or judgment can be rendered against him. He is withdrawn from the action of the court, and discharged from the debt, which is transferred over upon his assets."

In the instant case, the trial had in the Court of Common Pleas, and with respect to which the appeal bond was given, was a de novo trial. By the appeal, the judgment rendered in the Municipal Court was

vacated. No seizure of property was involved to release which, and to take the place of which, the bond was given. The bankruptcy proceedings were involuntary, not voluntary. Shore was adjudicated a bankrupt and discharged as such before the trial and judgment in the Court of Common Pleas, and these facts as pleaded in his answer were before the court. As we view it, the law as it should be applied to the question under discussion is clearly announced in House v Schnadig, 235 Ill., 301, where it is said:

"The real contention in this case is to the effect of appellee's discharge in bankruptcy upon an appeal bond given by him in appealing the case from the justice of the peace to the Circuit Court. It is not contended by appellants that they were entitled to a judgment in the Circuit Court upon which an execution could issue, but their claim is that they were entitled to a judgment, with a perpetual stay of execution, in order to establish a liability against the surety on the appeal bond. * - * It thus appears that while the liability of the surety on the appeal bond is not directly before us, it is incidentally, and that is the principal object sought to be effected in this case."

In the foregoing case, the court distinguishes between an appeal bond and a bond given to release property seized on attachment or other mesne process, and holds:

"The liability of a surety upon an appeal bond is not for the debt but is contingent upon the recovery of the judgment against the principal, and hence, on appeal from a judgment of a justice of the peace, if the principal subsequently obtains a discharge in bankruptcy which bars the action in the Circuit Court, the surety on the appeal bond is released."

All of the cases to which our attention has been called, with perhaps one exception, wherein a judgment was rendered with a perpetual stay of execution, as in the instant case, except also the Farrell-Finch case, to which we have referred, involved bonds in attachment proceedings and not simply a judgment sought upon an unsecured indebtedness.

Our conclusion therefore is that the judgment of the Court of Common Pleas should be and therefore is reversed, and the facts being admitted, final judgment is rendered in favor of the plaintiff in error.

Final judgment for plaintiff in error.

RICHARDS and WILLIAMS, JJ, concur.